IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Gregory T. McCarthy, | : | |
| Plaintiff, | : | Case No. 2:05-cv-108 |
| v. | : | Judge Holschuh |
| Kevin Scott, Inspector, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

This matter is before the Magistrate Judge on Defendant Dr. Maitland Place's February 22, 2005 motion to dismiss (doc. 8). This action was filed by Plaintiff Gregory T. McCarthy, an inmate at the Chillicothe Correctional Institution. McCarthy brings this action pursuant to 42 U.S.C. § 1983 alleging that Dr. Place violated his constitutional rights by subjecting him to cruel and unusual punishment by providing him with substandard dental care. Dr. Place argues that this action should be dismissed because Plaintiff has failed to allege that Dr. Place acted with deliberate indifference to McCarthy's medical needs as required by the Eighth Amendment, according to the Eleventh Amendment, Dr. Place is immune from monetary damages sought from him in his official capacity as an employee of the state, and he is protected in his individual capacity on the basis of qualified immunity.

**I. Facts.**

Gregory McCarthy is currently incarcerated at the Chillicothe Correctional Institution ("CCI"). His complaint alleges that in June 2002, while incarcerated, he saw

a dentist, Dr. Maitland Place, for toothache pain.  (Am. Compl., ¶ 12).  A preliminary examination was performed on him.  He was provided with approximately six Ibuprofen/Advil tablets which were insufficient to treat his pain.  (Am. Compl., ¶ 16). He filed an informal complaint.  (Am. Compl., ¶ 18).  On July 31, 2002, he was seen by the same dentist, and an x-ray was taken.  (Am. Compl., ¶ 20).  He was again given an insufficient amount of Advil.  He was seen two weeks later.  No work was done during this visit.  McCarthy filed a formal grievance.  (Am. Compl., ¶ 22).  One week later a "root tip" was pulled, and he was given an extra dose of Advil to get him through to his next appointment.  (Am. Compl., ¶ 23).  He filed an appeal from the grievance.

On or about September 20, 2002, one of his molars was extracted, and he was put on the waiting list to have a cavity filled.  (Am. Compl., 26.)  In October, he received an unfavorable response from Deputy Inspector Yoder of the Chief Inspector's office regarding his grievance appeal.  (Am. Compl., ¶ 27).  By Thanksgiving, he was in tremendous pain.  In "desperation," he wrote letters to the Warden and Chief Inspector. The Warden never responded.  (Am. Compl., ¶¶ 29-30).  On January 29, 2003, the cavity, which allegedly started the dental visits, was filled.  (Am. Compl., ¶ 32).  On June 11, 2003, Dr. Maitland Place filled a second cavity.   (Am. Compl., ¶ 33).

Following the June 11th procedure, McCarthy came to believe that something was wrong with another tooth.  On June 24, 2003, he was seen by a different dentist who told him the tooth had been nicked.  McCarthy believes that on June 11, Dr. Place purposely nicked his tooth, and he has since refused any dental treatment performed by Dr. Place.  (Am. Compl., ¶¶ 34-35).

**II. Discussion.**

**A. 12(b)(6) Standard.**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 515 (1972); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982); *Smart v. Ellis Trucking Co.*, 580 F.2d 215, 218 n.3 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *Kugler v. Helfant*, 421 U.S. 117, 125-26 n.5 (1975); *Smart*, 580 F.2d at 218 n.3; *Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations. *See Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971); *Sexton v. Barry*, 233 F.2d 220, 223 (6th Cir. 1956). In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972).

When determining the sufficiency of a complaint in the face of a motion to dismiss pursuant to Rule 12(b)(6), a court will apply the principle that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *See also McClain v. Real*

*Estate Bd. of New Orleans, Inc.*, 444 U.S. 232 (1980); *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983); *Neil v. Bergland*, 646 F.2d 1178, 1184 (6th Cir. 1981); *Parker v. Turner*, 626 F.2d 1, 7 (6th Cir. 1980).  Because the motion under Rule 12(b)(6) is directed solely to the complaint itself, *Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail.  *See Scheuer*, 416 U.S. at 236; *McDaniel v. Rhodes*, 512 F.Supp. 117, 120 (S.D. Ohio 1981).  A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted.  *See Roth Steel Prods.*, 705 F.2d at 155; *Sims*, 451 F.2d at 173.

A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant.  *See United States v. School Dist. of Ferndale*, 577 F.2d 1339, 1345 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d at 858; *Dunn*, 697 F.2d at 125.  Rule 8(a)(2) simply requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *See Dunn*, 697 F.2d at 125; *Westlake*, 537 F.2d at 858.

The court will grant a defendant's motion for dismissal under Rule 12(b)(6) if the complaint is without any merit because of an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *See generally Rauch v. Day & Night Mfg Corp.*, 576 F.2d 697 (6th Cir. 1978); *Ott v. Midland-Ross Corp.*, 523 F.2d 1367; *Brennan v. Rhodes*, 423 F.2d 706 (6th Cir. 1970).

It is not necessary that a plaintiff set forth in a complaint the legal theory on which plaintiff relies if the complaint sets forth sufficient factual allegations to state a claim showing that plaintiff is entitled to any relief which can be granted. *See Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978); *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974); *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 24-25 (4th Cir. 1963).

**B. Cruel and Unusual Punishment.**

The Eighth Amendment prohibits the government from inflicting cruel and unusual punishment. *Chance v. Armstrong*, 143 F.3d 698, 702 (7th Cir. 1988). Cruel and unusual punishment includes "the unnecessary and wanton infliction of pain." *Id.* (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). To demonstrate an Eighth Amendment violation, a prisoner must show that a prison official acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 103-04 (1976). Deliberate indifference consist of two components. First, the violation must be sufficiently serious in objective terms in that the defendant must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and second, the defendant must have drawn that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mere negligence does not constitute deliberate indifference. *See Estelle*, 429 U.S. at 106.

Courts have recognized that "dental care is one of the most important needs of inmates." *Board v. Farnham*, 394 F.3d 469, 480 (7th Cir. 2005) (quoting *Ramos v. Lamm*, 639 F.2d 559, 576 (10th Cir. 1980)). A prisoner does not state a claim merely by pleading that he disagrees with a medical diagnosis or treatment. *Estelle,* 429 U.S. at 107-08; *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Further, a

5

dentist's medical malpractice in performing treatment is insufficient to establish a violation of the Eighth Amendment. *Kiser v. Barr*, 2005 WL 1242161 *2 (N.D. Ind. May 25, 2005). Therefore, in order to assert a claim more than just the denial of routine dental care must be shown. *Taylor v. Christian*, 42 F.3d 1392 (table), 1994 WL 684028 *1 (7th Cir. Dec. 7, 1994).

In *Chance,* the appellate court reversed the district court's order dismissing the inmate plaintiff's complaint. *Chance,* 143 F.3d at 704. The plaintiff alleged that he had been subjected to cruel and unusual punishment because he did not receive the appropriate dental care for an over-bite, potential extractions, and cavities for a six month period of time, which subjected him to "great pain" and discomfort. *Id.* at 702. The court held that if all of the plaintiffs allegations were true, his claims survived a motion to dismiss. *Id.* The court stated that plaintiff's claim of toothache pain was a sufficiently serious injury to give rise to an Eighth Amendment claim. *Id.* (stating "[a]ny person who has spent a night tossing and turning in suffering from an abscessed tooth knows that dental pain can be excrutiatingly severe[,]" and amounts to more than an inconsequential harm).

McCarthy alleges that Dr. Place refused to fill a cavity for approximately six months, which caused him excruciating pain. He further alleges that Dr. Place purposely nicked his tooth after McCarthy complained about the substandard care being provided. Construing all of the allegations in McCarthy's complaint as true, McCarthy has pleaded a claim against Dr. Place under the Eighth Amendment.

**C. Eleventh Amendment.**

The State of Ohio is protected from civil liability on the basis of the Eleventh

6

Amendment.  *Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992).  "Congress did not disturb the states' eleventh amendment immunity when it passed § 1983."  *Id.* (citing *Will v. Mich. Dept. of State Police,,* 491 U.S. 58, 65-67 (1989); *Quern v. Jordan,* 440 U.S. 332 (1979)).  An action filed against a state official in his or her official capacity is essentially a suit against the state office, which is a suit against the state.  *Id.* at 718-19 (citing *Brandon v. Holt,* 469 U.S. 464, 471 (1985)).  "As such, it is no different from a suit against the state itself," and is barred.  *Id*. at 719.

This suit was filed against Place in both his individual and official capacities. Ohio Department of Rehabilitation Corrections, his employer, is an office of the state. *See Barryman v. Johnson*, 940 F.2d 658 (table), 1991 WL 150808 *7 (6th Cir. Aug. 6, 1991).  McCarthy maintains that he is not suing Dr. Place in his official capacity. However, McCarthy's amended complaint states that each Defendant is being sued in his individual capacity and in his official capacity.  (Am. Compl., ¶ 10.)  A claim for monetary damages cannot be maintained against Dr. Place in his official capacity and this claim is dismissed.

**D.  Qualified Immunity.**

Whether qualified immunity protects a defendant is a question of law; it is also an affirmative defense.  *See Pray v. City of Sandusky*, 49 F.3d 1154, 1156 (6th Cir. 1995). "Government officials who perform discretionary functions are generally entitled to qualified immunity and are protected from civil damages so long as 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable

person would have known.'" *Id*. at 1157 (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). In other words, a defendant will be protected from liability when (1) the right violated was not clearly established or (2) even if the right is one that is clearly established, a reasonable person in the defendant's position would have failed to appreciate that his or her conduct violated that right. *Id.* (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

"'Clearly established,' for purposes of qualified immunity analysis, means that the 'contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Murphy v. Carroll,* 202 F. Supp. 2d 421, 423 (D. Md. 2002) (citation omitted). The standard is one of "objective reasonableness." *Pray,* 49 F.3d at 1158. It is a applied on a case-by-case, fact specific basis which determines "whether a reasonable official in the defendants' position could have believed that his conduct was lawful, in light of clearly established law and the information he possessed." *Id.* (citing *Anderson*, 483 U.S. at 640; *Adams v. Metiva*, 31 F.3d 375, 386 (6th Cir. 1994)). "Although it is not necessary for the very act in question to have been held unlawful for qualified immunity to attach, the unlawfulness of the act must be reasonably apparent in the light of the preexisting law." *Hayes v. Long,* 72 F.3d 70, 73 (8th Cir. 1995) (citing *Anderson*, 483 U.S. at 640). So even when the defendant is mistaken, he is entitled to the defense so long as his conduct was objectively reasonable. *Pray*, 49 F.3d at 1156 (citing *Castro v. United States*, 34 F.3d 106, 112 (2d Cir. 1994)).

Case law illustrates that prison dentists cannot cause the needless suffering of

8

inmates by purposely withholding necessary dental treatment. *Chance*, 143 F.3d at 704. The facts alleged by McCarthy state that he went to Dr. Place for the treatment of a single toothache. He repeatedly complained of the pain being caused by the cavity, Dr. Place repeatedly gave McCarthy an insufficient amount of Advil to relieve the pain, and then roughly six months later, Dr. Place finally filled the cavity. Assuming that McCarthy can prove the allegations contained in his complaint, a court may find that Dr. Place is not immune from liability based on a claim of qualified immunity.

### III. Conclusion.

Accordingly, I **RECOMMEND** that Defendant Dr. Maitland Place's February 22, 2005 motion to dismiss (doc. 8) be **GRANTED IN PART AND DENIED IN PART.** Plaintiff's complaint should be **DISMISSED** against Defendant Dr. Maitland Place to the extent that it seeks to collect monetary damages against Defendant Dr. Maitland Place in his official capacity as an employee of the ODRC. Dr. Maitland Place's motion to dismiss should be **DENIED** to the extent that he argues that Plaintiff has failed to state an Eighth Amendment violation against him for cruel and unusual punishment by providing inadequate dental care, and the motion to dismiss should be **DENIED** to the extent that it claims that Dr. Maitland Place's actions were protected by qualified immunity.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. *See* 28 U.S.C. §636(b)(1)(B); Fed.

R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  See *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); See also *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

/s/ Mark R. Abel
United States Magistrate Judge