IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Gregory T. McCarthy, | : | |
| Plaintiff, | : | Case No. 2:05-cv-108 |
| v. | : | Judge Holschuh |
| Kevin Scott, Inspector, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants Peter Huling, Larry Yoder, Kevin Scott and James Erwin's March 4, 2005 motion to dismiss Plaintiff's amended complaint (doc. 13)  This action was filed pursuant to 42 U.S.C. § 1983 alleging that Defendants violated Plaintiff Gregory T. McCarthy's civil rights by exposing him to cruel and unusual punishment for failing to provide him with timely and appropriate dental care. Defendants argue that the amended complaint should be dismissed pursuant to Federal Rule 12(b)(6) because Plaintiff has failed to state a civil rights claim against Defendants Huling, Yoder, and Scott, he has failed to exhaust the administrative remedies necessary to pursue a claim against Erwin, and Defendants are immune from monetary damages.

On February 1, 2005, the Magistrate Judge issued an Initial Screening Report and Recommendation (doc. 4).  On March 22, 2005, the District Judge adopted the Recommendation (doc. 19).  Pursuant to this Order, Defendants Kevin Scott and James Erwin were dismissed from this lawsuit.  The remaining Defendants to this motion are

DRC Dental Director Peter Huling and Deputy Inspector Larry Yoder.  Therefore, only these remaining Defendants' arguments for dismissal will be addressed.

**I.  Facts.**

Gregory McCarthy is currently incarcerated at the Chillicothe Correctional Institution ("CCI").  His complaint alleges that in June 2002, while incarcerated, he saw a dentist, Dr. Maitland Place, for toothache pain.  (Am. Compl., ¶ 12).  A preliminary examination was performed on him.  He was provided with approximately six Ibuprofen/Advil tablets which were insufficient to treat his pain.  (Am. Compl., ¶ 16). He filed an informal complaint.  (Am. Compl., ¶ 18).  On July 31, 2002, he was seen by the same dentist, and an x-ray was taken.  (Am. Compl., ¶ 20).  He was again given an insufficient amount of Advil.  He was seen two weeks later.  No work was done during this visit.  McCarthy filed a formal grievance.  (Am.  Compl., ¶ 22).  One week later a "root tip" was pulled, and he was given an extra dose of Advil to get him through to his next appointment.  (Am. Compl., ¶ 23).  He filed an appeal from the grievance.

On or about September 20, 2002, one of his molars was extracted, and he was put on the waiting list to have the cavity filled that he had initially sought treatment for. (Am. Compl., 26.)  In October, he received an unfavorable response from Deputy Inspector Yoder of the Chief Inspector's office regarding his grievance appeal.  (Am. Compl., ¶ 27).  By Thanksgiving, he was in tremendous pain.  In "desperation," he wrote letters to the Warden and Chief Inspector.  The Warden never responded.  (Am. Compl., ¶¶ 29-30).  On January 29, 2003, the cavity, which allegedly started the dental visits, was filled.  (Am. Compl., ¶ 32).  On June 11, 2003, Dr. Maitland Place filled a second cavity.   (Am. Compl., ¶ 33).  Following the procedure, McCarthy believed that

something was wrong with his tooth.  On June 24, 2003, he was seen by a different

dentist who told him the tooth had been nicked.  McCarthy believes that on June 11, Dr.

Place purposely nicked his tooth, and he has since refused any dental treatment

performed by Dr. Place.  (Am. Compl., ¶¶ 34-35).

The compliant maintains that Defendant Yoder violated his civil rights by ruling

unfavorably on his grievance.  His claim against Dental Director Huling is that Huling

must have known and been "aware of the pain and decay a bad tooth involved and

failed to respond."  (Am. Compl., ¶ 40).

## II.  Discussion.

## A.  12(b)(6) Standard.

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure, a court must construe the complaint in the light most favorable

to the plaintiff and accept all well-pleaded material allegations in the complaint as true.

*See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *California Motor Transp. Co. v.*

*Trucking Unlimited*, 404 U.S. 508, 515 (1972); *Roth Steel Prods. v. Sharon Steel Corp.*,

705 F.2d 134, 155 (6th Cir. 1982); *Smart v. Ellis Trucking Co.*, 580 F.2d 215, 218 n.3

(6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976).  Although the

court must apply a liberal construction of the complaint in favor of the party opposing the

motion to dismiss, *Kugler v. Helfant*, 421 U.S. 117, 125-26 n.5 (1975); *Smart*, 580 F.2d

at 218 n.3; *Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir.

1975), a court will not accept conclusions of law or unwarranted inferences of fact cast

in the form of factual allegations.  *See Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th

Cir. 1971); *Sexton v. Barry*, 233 F.2d 220, 223 (6th Cir. 1956).  In reading a complaint,

however, a court will indulge all reasonable inferences that might be drawn from the pleading.  *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972).

When determining the sufficiency of a complaint in the face of a motion to dismiss pursuant to Rule 12(b)(6), a court will apply the principle that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  *See also McClain v. Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232 (1980); *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983); *Neil v. Bergland*, 646 F.2d 1178, 1184 (6th Cir. 1981); *Parker v. Turner*, 626 F.2d 1, 7 (6th Cir. 1980).  Because the motion under Rule 12(b)(6) is directed solely to the complaint itself, *Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail.  *See Scheuer*, 416 U.S. at 236; *McDaniel v. Rhodes*, 512 F.Supp. 117, 120 (S.D. Ohio 1981).  A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted.  *See Roth Steel Prods.*, 705 F.2d at 155; *Sims*, 451 F.2d at 173.

A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant.  *See United States v. School Dist. of Ferndale*, 577 F.2d 1339, 1345 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d at 858; *Dunn*, 697 F.2d at 125.  Rule 8(a)(2) simply requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds upon

4

which it rests. *See Dunn*, 697 F.2d at 125; *Westlake*, 537 F.2d at 858.

The court will grant a defendant's motion for dismissal under Rule 12(b)(6) if the complaint is without any merit because of an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *See generally Rauch v. Day & Night Mfg Corp.*, 576 F.2d 697 (6th Cir. 1978); *Ott v. Midland-Ross Corp.*, 523 F.2d 1367; *Brennan v. Rhodes*, 423 F.2d 706 (6th Cir. 1970).

It is not necessary that a plaintiff set forth in a complaint the legal theory on which plaintiff relies if the complaint sets forth sufficient factual allegations to state a claim showing that plaintiff is entitled to any relief which can be granted. *See Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978); *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974); *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 24-25 (4th Cir. 1963).

## B.  Liability Under 42 U.S.C. § 1983.

"[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon a 'mere failure to act'" *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998).  "At a minimum a plaintiff must show that the official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (quoting *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982).  The term "knowingly acquiesced" is applied very narrowly, and liability on "knowing acquiescence" must be based on some degree of active participation, or the officials must have authorized the offending conduct. *Id.*  The denial of administrative grievances is insufficient to establish liability*. Id.*  Moreover, in the context of the Eighth Amendment,

the bar on cruel and unusual punishment forbids prison officials from "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Cruel and unusual punishment includes "the unnecessary and wanton infliction of [dental] pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (7th Cir. 1998) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).

Prison officials are liable only if they know of and disregard "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mere negligence does not constitute deliberate indifference. *See Estelle*, 429 U.S. at 106. Further, a prisoner does not state a claim merely by pleading that he disagrees with the diagnosis or treatment. *Id.* at 107-08; *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

McCarthy's claim against Yoder is based Yoder's unfavorable ruling on McCarthy's grievance. There are no allegations that Yoder actively participated in unconstitutional conduct or knowingly acquiesced to an Eighth Amendment violation- even when applying a more liberal standard for *pro se* plaintiffs. Yoder ruled unfavorable on an administrative grievance; this is insufficient to state a claim under § 1983. *Shehee,* 199 F.3d at 300.

McCarthy's claim against Huling is that Huling, as DRC Dental Director, should have known of his substandard care and should have done something. While courts have recognized that "dental care is one of the most important needs of inmates[,]" and the failure to provide dental care can establish a claim for cruel and unusual

punishment, there are no allegations that Hulings met with or treated McCarthy.  *See*

*Board v. Farnham*, 394 F.3d 469, 480 (7th Cir. 2005); *see Jackson v. Moore*, 471 F.

Supp. 1068, 1069 (D. Col. 1979) (stating that personal participation is a necessary

element to establish a claim under § 1983).   There are no allegations that Huling

participated in the conduct complained of.  McCarthy has failed to state a claim against

Huling and Yoder.

**C. Eleventh Amendment Immunity.**

The State of Ohio is protected from civil liability on the basis of the Eleventh

Amendment.  *Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992).  "Further, Congress

did not disturb the states' eleventh amendment immunity when it passed § 1983."  *Id.*

(citing *Will v. Mich. Dept. of State Police,,* 491 U.S. 58, 65-67 (1989); *Quern v. Jordan,*

440 U.S. 332 (1979)).  An action filed against a state official in his or her official capacity

is essentially a suit against the state office, which is a suit against the state.  *Id.* at 718-

19 (citing *Brandon v. Holt,* 469 U.S. 464, 471 (1985)).  "As such, it is no different from a

suit against the state itself," and is barred.  *Id*. at 719.

This suit is brought against Defendants Huling and Yoder in both their individual

and official capacities.  They are sued in their official capacities as employees of the

Ohio Department of Rehabilitation and Corrections ("ODRC").  ODRC is an arm or

instrumentality of the state and is protected from civil liability on the basis of Eleventh

Amendment sovereign immunity.  *See Barryman v. Johnson,* 940 F.2d 658 (table), 1991

WL 150808 *7 (6th Cir. Aug. 6 1991).  Plaintiff's claims seeking monetary damages

against Huling and Yoder in their official capacities are barred by sovereign immunity.

**D.  Qualified Immunity.**

Whether qualified immunity protects a defendant is a question of law; it is also an affirmative defense.  *See Pray v. City of Sandusky*, 49 F.3d 1154, 1156 (6th Cir. 1995).  "Government officials who perform discretionary functions are generally entitled to qualified immunity and are protected from civil damages so long as 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id*. at 1157 (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).  In other words, a defendant will be protected from liability when (1) the right violated was not clearly established or (2) even if the right is one that is clearly established, a reasonable person in the defendant's position would have failed to appreciate that his or her conduct violated that right.  *Id.*  (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

"'Clearly established,' for purposes of qualified immunity analysis, means that the 'contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Murphy v. Carroll,* 202 F. Supp. 2d 421, 423 (D. Md. 2002) (citation omitted).  The standard is one of "objective reasonableness." *Pray,* 49 F.3d at 1158.  It is a applied on a case-by-case, fact specific basis which determines "whether a reasonable official in the defendants' position could have believed that his conduct was lawful, in light of clearly established law and the information he possessed." *Id.*  (citing *Anderson*, 483 U.S. at 640; *Adams v. Metiva*, 31 F.3d 375, 386 (6th Cir. 1994)).   "Although it is not necessary for the very act in question to have been held unlawful for qualified immunity to attach, the unlawfulness of the act must be reasonably apparent in the light of the preexisting law." *Hayes v. Long,* 72 F.3d

70, 73 (8th Cir. 1995) (citing *Anderson*, 483 U.S. at 640).  So even when the defendant is mistaken, he is entitled to the defense so long as his conduct was objectively reasonable.  *Pray*, 49 F.3d at 1156 (citing *Castro v. United States*, 34 F.3d 106, 112 (2d Cir. 1994)).

McCarthy has failed to allege a sufficient factual basis on which to find that Huling and Yoder violated a clearly established statutory or constitutional right.  The complaint maintains that Huling and Yoder are liable because an unfavorable ruling was made on McCarthy's grievance alleging insufficient dental care and Huling should have known of the care McCarthy was receiving and should have done something about it. McCarthy has failed to allege a cognizable claim against Defendants Huling and Yoder. Since McCarthy has failed to allege a violation of a clearly established right, Huling and Yoder's actions would be protected by qualified immunity.

### III.  Conclusion.

Accordingly, I **RECOMMEND** that Defendants' Peter Huling, Larry Yoder, Kevin Scott and James Erwin's March 4, 2005 motion to dismiss Plaintiff's amended complaint (doc. 13) be **GRANTED**.  I **FURTHER RECOMMEND** that Defendants Peter Huling and Larry Yoder be **DISMISSED** from this action.  Consequently, the only remaining Defendant to this action would be Dr. Maitland Place.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  *See* 28 U.S.C. §636(b)(1)(B); Fed.

R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).


/s/ Mark R. Abel
United States Magistrate Judge