IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GREGORY T. MCCARTHY, :

    Plaintiff, : Civil Action 2:05-cv-108

  v. : Judge Holschuh

KEVIN SCOTT, *et al.*, : Magistrate Judge Abel

    Defendants. :

**ORDER**

    This matter is before the Court on Plaintiff Gregory T. McCarthy's August 30, 2005 objections to the Magistrate Judge's Reports and Recommendations (docs. 42 and 43). On February 1, 2005, McCarthy filed this action pursuant to 42 U.S.C. § 1983 alleging that Defendants, prison officials at the Chillicothe Correctional Institute ("CCI"), subjected him to cruel and unusual punishment by failing to provide him with timely and appropriate dental care.

    On July 26, 2005, the Magistrate Judge issued two Reports and Recommendations. The first recommended that Defendant Dr. Maitland Place's motion to dismiss be granted in part and denied in part (doc. 33). The Magistrate Judge recommended dismissing McCarthy's claim against Dr. Place to the extent that McCarthy sought to collect monetary damages against Place in his official capacity as an employee of the Ohio Department of Rehabilitation and Corrections. It recommended denying Dr. Place's request to dismiss McCarthy's Eighth Amendment

1

claim alleging cruel and unusual punishment for providing inadequate dental care. It further recommended that the motion to dismiss be denied to the extent that it claimed that Dr. Place's actions were protected by qualified immunity.

The Magistrate Judge issued a second Report and Recommendation on July 26, 2005 (doc. 34). It recommended that Peter Huling, Larry Yoder, Kevin Scott and James Erwin's March 4, 2005 motion to dismiss Plaintiff's amended complaint (doc. 13) be granted; it also recommended that Defendants Peter Huling and Larry Yoder be dismissed from this action because there were no allegations or evidentiary support that Yoder and Huling participated in the unconstitutional conduct McCarthy complained of.[1] On August 19, 2005, McCarthy was given an extension of time to file objections to the Magistrate Judge's Report and Recommendations (doc. 41).

**I. Background.**

Gregory McCarthy is a former inmate of the CCI. His complaint alleges that in June 2002, while incarcerated, he saw a dentist, Dr. Place, for tooth pain. (Am. Compl., ¶ 12). A preliminary examination was performed on him. Following the examination, he was provided with approximately six Ibuprofen/Advil tablets which were insufficient to treat his pain. (Am. Compl., ¶ 16). He filed an informal complaint. (Am. Compl., ¶ 18). On July 31, 2002, he was seen by the same dentist, and an x-ray was taken. (Am. Compl., ¶ 20). He was again given an insufficient amount of Advil. He was seen two weeks later. No work was done during this visit. McCarthy filed a formal grievance.

---

[1] Defendant James Erwin was previously dismissed from this action on March 22, 2005, when the District Judge adopted the Magistrate Judge's Initial Screening Report and Recommendation (doc. 21).

2

(Am. Compl., ¶ 22). One week later a "root tip" was pulled, and he was given an extra dose of Advil to get him through to his next appointment. (Am. Compl., ¶ 23). He filed an appeal from the grievance.

On or about September 20, 2002, one of his molars was extracted, and he was put on the waiting list to have a cavity filled. (Am. Compl., 26.) In October, he received an unfavorable response from Deputy Inspector Yoder of the Chief Inspector's office regarding his grievance appeal. (Am. Compl., ¶ 27). By Thanksgiving, he was in tremendous pain. In "desperation," he wrote letters to the Warden and Chief Inspector. The Warden never responded. (Am. Compl., ¶¶ 29-30). On January 29, 2003, the cavity, which allegedly started the dental visits, was filled. (Am. Compl., ¶ 32). On June 11, 2003, Dr. Place filled a second cavity. (Am. Compl., ¶ 33).

Following the June 11th procedure, McCarthy came to believe that something was wrong with another tooth. On June 24, 2003, he was seen by a different dentist who told him the tooth had been nicked. McCarthy believes that on June 11, Dr. Place purposely nicked his tooth, and he has since refused any dental treatment performed by Dr. Place. (Am. Compl., ¶¶ 34-35).

## II. Discussion.

### A. Objections to July 26, 2005 First Report and Recommendation.

In McCarthy's objections to the first July 26, 2005 Report and Recommendation (doc. 42), he states that "the plaintiff agrees in the most part with this Report and Recommendation, save the requested restraints put on Dr. Place to refrain from further violative treatment of inmates, the plaintiff sees this report as quite acceptable

3

concerning defendant Maitland Place." (Obj. p. 2). In these objections, he wants to clarify that Dr. Place never gave him the Advil tablets referred to in the statement of facts. Rather, the Advil tablets were pre-sorted into baggies and were distributed to inmates after receiving dental treatment. They were usually distributed by the dental nursing staff. McCarthy does not want to create the inference that Dr. Place in any way cared for his patients or their pain. Since McCarthy does not object to this Report and Recommendation (doc. 33), it is **ADOPTED**.

### B. Objections to July 26, 2005 Second Report and Recommendation.

In his objections to the second Report and Recommendation, McCarthy argues that Inspector Yoder should not be dismissed from this action. As part of his job duties, Inspector Yoder was to review grievances. Since tooth pain is easily diagnosed, Yoder should have ordered a remedy when he reviewed Inspector Scott's disposition of his grievance, and he should not have adopted Inspector Scott's disposition. By allowing McCarthy to suffer from toothache pain after it was brought to Yoder's attention, Inspector Yoder approved of or acquiesced in a violation of McCarthy's constitutional rights.

McCarthy argues that Dental Director Huling should not be dismissed from this action because Huling failed to provide adequate medical care for McCarthy's serious medical needs. By not using his authority over Dr. Place, he failed in his supervisory position to ensure adequate care to McCarthy.

Further, McCarthy argues that Defendant Yoder, Huling, and Place's acts are not protected by qualified immunity because they are top officials at CCI, and as part of

4

their job duties are required to know the parameters of inmates' rights.

"[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon a 'mere failure to act.'" *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (quoting *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). The term "knowingly acquiesced" is applied very narrowly, and liability on "knowing acquiescence" must be based on some degree of active participation, or the officials must have authorized the offending conduct. *Id.* The denial of administrative grievances is insufficient to establish liability. *Id.* Moreover, in the context of the Eighth Amendment, the bar on cruel and unusual punishment forbids prison officials from "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Cruel and unusual punishment includes "the unnecessary and wanton infliction of [dental] pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (7th Cir. 1998) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).

However, prison officials are liable only if they know of and disregard "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mere negligence does not constitute deliberate indifference. *See Estelle*, 429 U.S. at 106. Further, a prisoner does not state a claim merely by pleading that he disagrees with the

diagnosis or treatment.  *Id.* at 107-08; *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

As the Magistrate Judge stated in his Report and Recommendation, McCarthy's claim against Yoder is based on Yoder's unfavorable ruling on his grievance.  There are no allegations that Yoder actively participated in unconstitutional conduct or knowingly acquiesced to an Eighth Amendment violation-even when applying a more liberal standard for *pro se* plaintiffs.  Yoder ruled unfavorable on an administrative grievance; this is insufficient to state a claim under § 1983.  *Shehee,* 199 F.3d at 300.

McCarthy's claim against Huling is that Huling, as DRC Dental Director, should have known of his substandard care and should have done something.  While courts have recognized that "dental care is one of the most important needs of inmates[,]" and that the failure to provide dental care can establish a claim for cruel and unusual punishment, there are no allegations that Huling met with or treated McCarthy.  The amended complaint alleges that Huling saw Plaintiff's grievance and, thus, "knew and was aware of the pain and decay of a bad tooth," but failed to respond.  (Am. Compl., ¶ 40).  There is no allegation that Huling had direct, personal knowledge that Dr. Place was subjecting Plaintiff to cruel and unusual punishment.  *See Board v. Farnham*, 394 F.3d 469, 480 (7th Cir. 2005); *see Jackson v. Moore*, 471 F. Supp. 1068, 1069 (D. Col. 1979) (stating that personal participation is a necessary element to establish a claim under § 1983).  Huling did not participate in the conduct complained of by McCarthy.

In McCarthy's final argument, he states that Yoder and Huling's acts are not protected by qualified immunity because they are top officials at CCI and are required to know the rights of inmates.   Since McCarthy has not stated a claim against Yoder or

Huling, whether their acts were protected by qualified immunity is not at issue.

## III. Conclusion.

Plaintiff Gregory T. McCarthy's August 30, 2005 objections to the Magistrate Judge's Reports and Recommendations (docs. 42 and 43) are **OVERRULED**. The Magistrate Judge's July 26, 2005 Reports and Recommendations are **AFFIRMED** and **ADOPTED**.

December 16, 2005  /s/ John D. Holschuh
John D. Holschuh, Judge
United States District Court