# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY T. McCARTHY, | : | |
| Plaintiff, | : | Case No. 2:05-CV-108 |
| v. | : | Judge Holschuh |
| MAITLAND PLACE, D.D.S., | : | Magistrate Judge Abel |
| Defendant. | : | |
| | : | |

## MEMORANDUM OPINION & ORDER

This matter is currently before the Court on Defendant Maitland Place, D.D.S.'s objections (Record at 63) to Magistrate Judge Abel's August 28, 2006 Report and Recommendation (Record at 61), which recommended that the Court deny Defendant's motion for summary judgment. For the reasons stated below, the Court **SUSTAINS** those objections, and **GRANTS** Defendant's motion for summary judgment (Record at 58).

### I.  Background and Procedural History

Plaintiff Gregory McCarthy, an inmate at the Chillicothe Correctional Institution (CCI), filed suit under 42 U.S.C. § 1983 seeking to recover for alleged violations of his Eighth Amendment right to be free from cruel and unusual punishment. He alleges that employees at CCI, including Defendant Dr. Maitland Place, denied him proper dental care. McCarthy first sought dental care on June 6, 2002 because he had a toothache. Dr. Place examined him and found that the tooth that was causing the pain had a cavity that needed filled, as did several others. He also determined that two of McCarthy's other teeth needed extracted.

Dr. Place put McCarthy's name on the appropriate waiting lists for extractions and fillings; as appointments became available, inmates were seen in the order in which their names were placed on these lists. (Place Aff. ¶ 8). Pursuant to department policy giving extractions a higher priority than fillings, McCarthy's two extractions were done first. This was done over the course of several visits spanning from July to October. The tooth that was causing the pain was finally filled by Dr. Place on January 29, 2003, more than six months after McCarthy first sought treatment. According to McCarthy, Dr. Place nicked the outside of the tooth with his drill. McCarthy's other cavities were filled later that spring and summer.

McCarthy filed suit under 42 U.S.C. § 1983, alleging that Dr. Place and other prison officials violated his Eighth Amendment rights by failing to provide him with proper dental care.[1] Dr. Place moved for summary judgment, arguing that McCarthy had failed to establish a genuine issue of material fact with respect to his Eighth Amendment claim, and failed to prove more than a *de minimis* physical injury. He also argued that he was entitled to qualified immunity. In addition, Dr. Place moved to dismiss the claims as a sanction for McCarthy's failure to appear for his properly noticed deposition. In response, McCarthy claimed that he was unable to appear for his deposition because he was hospitalized on that date. McCarthy also argued that he had presented sufficient evidence to defeat Dr. Place's motion for summary judgment.

On August 28, 2006, Magistrate Judge Abel issued a Report and Recommendation, recommending that Dr. Place's motion for summary judgment be denied. Magistrate Judge Abel noted that a prisoner asserting a violation of the Eighth Amendment must prove that a prison

---

[1] The Court has previously dismissed claims against all defendants other than Dr. Place.

official acted with "deliberate indifference" to serious medical needs. Mere negligence is not enough. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference has an objective component and a subjective component. The medical need must be "sufficiently serious" and the prison official must act with a "sufficiently culpable state of mind." See Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994) ("a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

Magistrate Judge Abel concluded that there was a genuine issue of material fact concerning whether Dr. Place was deliberately indifferent to McCarthy's serious dental needs. Citing Chance v. Armstrong, 143 F.3d 698 (2nd Cir. 1998), he found that McCarthy's allegation that he suffered from a severe toothache for six months was sufficiently serious to satisfy the objective component. Magistrate Judge Abel also found that McCarthy had presented sufficient evidence from which a reasonable jury could find that Dr. Place was subjectively indifferent to McCarthy's dental needs. In his complaint, McCarthy challenges Dr. Place's plan to extract only one tooth at a time and his failure to do anything, other than give him Advil, to temporarily relieve his pain while he waited for his tooth to be filled. Magistrate Judge Abel noted that McCarthy had submitted affidavits from two other inmates at CCI. Russell Billiter, averred that the dentist had pulled four of his teeth in one visit. Another inmate, Richard Carter, stated that he was given a temporary filling to alleviate pain while he waited his turn for a permanent filling. (Exs. I and J to Amd. Compl.). Magistrate Judge Abel found that because these other

inmates were treated more favorably, there was a genuine issue of material fact concerning whether Dr. Place was deliberately indifferent to McCarthy's dental needs.

Magistrate Judge Abel also found that it was questionable whether Dr. Place's conduct was "objectively reasonable" in light of clearly established case law, and therefore recommended that the Court deny summary judgment on qualified immunity grounds. Finally, Magistrate Judge Abel found that McCarthy's failure to appear for his deposition did not warrant dismissal of his claims, but he did order McCarthy to reimburse Dr. Place for his expenses.

Dr. Place filed timely objections to the Report and Recommendation, arguing that Magistrate Judge Abel erred in finding genuine issues of material fact in connection with the Eighth Amendment claim, and in denying him qualified immunity. On December 4, 2006, the Court reserved ruling on those objections, giving Dr. Place the opportunity to reschedule McCarthy's deposition and then file a supplemental memorandum. Although McCarthy's deposition was taken on December 28, 2006, Dr. Place notified the Court on March 5, 2007 that no new information was elicited, and that he, therefore, did not intend to file a supplemental memorandum.

## II. Standard of Review

When a party files timely objections to a magistrate judge's Report and Recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). See also Fed. R. Civ. P. 72(b).

**III.	Analysis**

Dr. Place argues that Magistrate Judge Abel erred in finding that there was a genuine issue of material fact concerning deliberate indifference to McCarthy's serious dental needs, and in denying him qualified immunity. Because the Court agrees that McCarthy has not presented sufficient evidence from which a reasonable jury could find that Dr. Place violated McCarthy's Eighth Amendment rights, the Court need not reach the qualified immunity issue.

As Magistrate Judge Abel correctly pointed out, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(e).

In order to succeed on his Eighth Amendment claim, McCarthy must prove that Dr. Place acted with deliberate indifference to his serious dental needs. In order to defeat Dr. Place's motion for summary judgment, McCarthy must present sufficient evidence from which a reasonable jury could find that: (A) the injury complained of was "sufficiently serious" (the objective component); and (B) Dr. Place acted with a "sufficiently culpable state of mind" (the subjective component). See Farmer, 511 U.S. at 834, 837; Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

**A.	Objective Component**

With respect to the objective component of the Eighth Amendment claim, Dr. Place challenges Magistrate Judge Abel's reliance on Chance, claiming that it is factually and procedurally distinguishable. Chance concerned a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) rather than a motion for summary judgment. The court found that

Chance's allegations were sufficient to satisfy both the objective and subjective components of an Eighth Amendment claim. Chance alleged that he was in "great pain" for more than six months because of a toothache, and that the dentists' determination that his teeth needed extracted rather than filled was based on monetary incentives rather than sound medical judgment. Chance, 143 F.3d at 703-04. The court noted that it may be that Chance had no proof of the alleged improper motive, but "even if we think it highly unlikely that Chance will be able to prove his allegations, that fact does not justify dismissal for failure to state a claim." Id. at 704.

Although Chance might be factually and procedurally distinguishable, it is nevertheless significant for its holding that when an inmate endures six months of excruciating pain because of an untreated toothache, the injury may be sufficiently serious to give rise to a constitutional violation. See 143 F.3d at 702-03. In this case, it is undisputed that McCarthy suffered from a toothache for more than six months before the cavity was filled. In the Court's view, Magistrate Judge Abel correctly found that McCarthy presented enough evidence to create a genuine issue of material fact concerning whether the toothache was sufficiently serious to satisfy the objective component of an Eighth Amendment claim.

### B. Subjective Component

With respect to the subjective component of McCarthy's Eighth Amendment claim, Dr. Place argues that Magistrate Judge Abel erred in holding that there was sufficient evidence from which a reasonable jury could find that Dr. Place acted with a sufficiently culpable state of mind. The only evidence of subjective deliberate indifference cited by Magistrate Judge Abel involved the two affidavits submitted by McCarthy's fellow inmates. Magistrate Judge Abel wrote as

follows:

> McCarthy further alleges through supporting affidavits to his complaint that Dr. Place was not merely following procedure when he refused to address more than one dental problem at a time or when he failed to perform a temporary pain-relieving procedure on McCarthy's tooth while he waited for his name to come up on the dental care list. This evidence implies a subjective "deliberate indifference" on Place's part. Therefore, McCarthy has presented a question of material fact on whether his treatment was different from that of the other inmates and if that difference was intentional on the part of Place as retaliation for the grievances filed by McCarthy.

Report and Recommendation at 8-9.

The Court agrees with Dr. Place that Magistrate Judge Abel gave undue weight to the two inmate affidavits. As Dr. Place notes, the dental records of these other inmates have not been made part of the record. Furthermore, their affidavits do not indicate which teeth were extracted or filled. Absent any evidence that McCarthy's dental health and dental needs were substantially similar to those of these other inmates, the fact that McCarthy's treatment plan was different than theirs does not give rise to any inference of subjective deliberate indifference. In his objections to the Report and Recommendation, Dr. Place notes that, in McCarthy's case, he extracted only one tooth at a time because the teeth that needed extracted were located on opposite sides of the mouth, and extracting both at the same time would severely limit McCarthy's ability to chew. (Obj. to Report & Rec. at 8-9).

McCarthy has presented no other evidence to support a finding that Dr. Place was subjectively deliberately indifferent to his dental needs. McCarthy acknowledges that on several visits, Dr. Place gave him ibuprofen to alleviate his pain. Dr. Place states that he gave McCarthy the maximum amounts of ibuprofen permitted. (Place Aff. at ¶ 24). It may well be that Dr.

7

Place could have also provided McCarthy with a temporary filling to alleviate the pain until the tooth could be permanently filled; it is not known whether he ever considered that a viable option. However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976). In his affidavit, Dr. Place states that "McCarthy received the necessary dental care in accordance with ODRC policies that minimized his pain and provided the best chance for his future dental health." (Place Aff. at ¶ 26). This Court is in no position to second guess Dr. Place's choice of a treatment plan for McCarthy.

Moreover, as noted in Westlake, in prisoner litigation cases, the Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." 537 F.2d at 860 n.5. McCarthy does not allege a complete denial of dental care. In fact, evidence shows that McCarthy was examined or treated by dentists at CCI at least 10 times between June 6, 2002 and July 18, 2003.

While McCarthy may not have agreed with Dr. Place's treatment plan, and may have been dissatisfied with the delay in filling the tooth that was causing him pain, this alone does not give rise to an Eighth Amendment violation. See Chance, 143 F.2d at 703 ("[i]t is well established that mere disagreement over the proper treatment does not create a constitutional claim"); Estelle, 429 U.S. at 107-08 (plaintiff's belief that additional tests and treatment options should have been pursued did not give rise to Eighth Amendment violation because it was a "matter for medical judgment"); Wilson v. Wilkinson, 62 F. App'x 590 (6th Cir. 2003)

(affirming summary judgment where there was no deliberate delay in treatment and plaintiff was seen by dentist 9 times in 19 months); Davis v. Powell, 110 F. App'x 660 (6th Cir. 2004)(where plaintiff received substantial dental care over course of 15 months, court would not second guess the adequacy of the treatment provided); Foushee v. Wiggins, No. 3:05CV7357, 2006 WL 1966611 (N.D. Ohio July 11, 2006) (dismissing suit because delays in treatment "arose out of issues of priority and availability" and failed to show deliberate indifference); Plovie v. Jackson, No. 2:05-cv-128, 2005 WL 2405952 (W.D. Mich. Sept. 29, 2005) (dismissing Eighth Amendment claim challenging treatment delays, quality of treatment rendered by prison dentists).[2]

In this case, McCarthy has not presented sufficient evidence from which a reasonable jury could find that Dr. Place was subjectively deliberately indifferent to his serious dental needs. Dr. Place assessed McCarthy's dental needs, developed a treatment plan, and fully implemented it pursuant to departmental policy. While it is unfortunate that McCarthy had to wait six months to get his tooth filled, no reasonable jury could find that his constitutional rights were violated by Dr. Place's conduct.

## IV. Conclusion

Upon de novo review as required by 28 U.S.C. § 636(b)(1), the Court **SUSTAINS** Defendant's objection to Magistrate Judge Abel's Report and Recommendation (Record at 61, 63), and **GRANTS** Defendant Dr. Place's motion for summary judgment (Record at 58). The

---

[2] As noted earlier, McCarthy also alleges that Dr. Place nicked his tooth with the drill while filling a cavity. Even assuming that this is true, negligence and medical malpractice are not actionable as constitutional violations. Estelle, 429 U.S. at 106.

9

Clerk is directed to enter judgment in favor of Defendant and to terminate this case.

**IT IS SO ORDERED.**


Date: June 8, 2007　　　　　　　　　　　　　　**/s/ John D. Holschuh**
　　　　　　　　　　　　　　　　　　　　　　　John D. Holschuh, Judge
　　　　　　　　　　　　　　　　　　　　　　　United States District Court